**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 21-cv-23288-KMW**

REINALDO VELAZAUEZ,

          Plaintiff,

v.

MIAMI-DADE COUNTY,

          Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS**
**COMPLAINT AND MEMORANDUM OF LAW**

Defendant, Miami-Dade County (the "County"), pursuant to Fed. R. Civ. P. 8, 10 and 12, files this Motion to Dismiss Complaint and Memorandum of Law. In this employment discrimination case stemming from Plaintiff's dismissal from County service, Plaintiff filed a multi-count Complaint. Count I is a Title VII of the Civil Rights Act of 1964 ("Title VII"); Count II alleges an Age Discrimination and Employment Act ("ADEA") claim; Count III is a Title VII retaliation claim; Counts IV and V allege a 42 U.S.C. § 1983 First and Fourteenth Amendment of the United States Constitution, respectively.

The Complaint is an improper "shotgun" pleading because Plaintiff incorporates the first 33 factual allegations into all five counts even though the incorporated facts do not correspond to the claim alleged. *Harris v. Public Health Trust of Miami-Dade County,* 2020 WL 1933169, *2-3 (S.D. Fla. April 14, 2020) (dismissing discrimination complaint because it was a "shotgun" complaint). Additionally, Plaintiff seeks punitive damages which are unavailable against the County. *Bradley v. Dekalb* Ga., 2010 WL 4639240, *5 (N.D. Ga. May 17, 2020) (punitive damages are unavailable against public entities). Finally, the Fourteenth Amendment due process

claim in Count V must be dismissed because the State of Florida provides Plaintiff with adequate opportunities to challenge his dismissal from County service. *McKinney v. Pate,* 20 F. 3d 1550, 1557 (11th Cir. 1994) (procedural due process claim is unavailable when state remedies are available).   Thus, the Complaint must be dismissed.

## I. INTRODUCTION

Plaintiff was employed as a County bus operator in the Department of Transportation and Public Works ("DTPW"). (Complaint ¶ 5). Plaintiff reportedly threatened co-workers while on duty and was dismissed. (¶¶ 21, 28). In response, Plaintiff filed a five count complaint seeking an assortment of damages including punitive damages.

## II. DISCUSSION

### A. THE COMPLAINT IS AN IMPROPER SHOTGUN PLEADING AND MUST BE DISMISSED FOR VIOLATION OF RULES 8 AND 10 OF FEDERAL RULES OF CIVIL PROCEDURE.

The Complaint violates Rules 8 and 10 because it repeats and incorporates paragraphs 1-33 into each of the five  counts and yet does not identify which of the numerous facts alleged apply to each of the counts of the Complaint. This violates Rules 8(a) and 10. *Harris* \*2-3.   Accordingly, the Complaint must be dismissed and repled. *Silver Crown Investments, LLC v. Team Real Estate Management, LLC, et al*, 349 F. Supp. 3d 1316, 1333-34 (S.D. Fla. 2018) (granting motion to dismiss because complaint was an improper shotgun pleading that incorporated jurisdictional paragraphs and vague and conclusory background facts into every count).

The Eleventh Circuit "has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n. 9 (11th Cir. 2002) (citing *Byrne v. Nezhat,* 261 F.3d 1075, 1128-34 (11th Cir. 2001) ("Shotgun pleadings . . . impede[ ] the due administration

of justice and, in a very real sense, amount[ ] to obstruction of justice.")) (internal citations omitted).

The Eleventh Circuit has described the typical "shotgun pleading" as follows:

> These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. **The general allegations are incorporated by reference into each count of the complaint**; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost – extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues …

*Johnson Enterprises of Jacksonville v. FPL Group, Inc.,* 162 F.3d 1290, 1333 (11th Cir. 1998) (emphasis added).

Plaintiff's Complaint "is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Like the classic shotgun pleading it begins with a lengthy list of general allegations in paragraphs 1-33, including allegations of ethnicity and gender, discrimination as well as age discrimination and retaliation which are then incorporated into each count of the Complaint, regardless of relevance, making the Complaint little more than a hopeless jumble of claims, in violation of the principle that separate claims should be set forth in separate counts, accompanied by relevant facts.

In accordance with the Eleventh Circuit's instructions, this District has dismissed or ordered re-pleading of complaints of this nature in such cases as *Delgado v. Miami-Dade County*, No. 05-23061-civ-Moore, 2005 WL 3871599, *1 (S.D. Fla. Dec. 21, 2005); *Harris v. Radioshack*

*Corp.*, No. 01-5093-civ-Lenard, 2002 WL 1907569, *2 (S.D. Fla. May 23, 2002).  Thus, the Complaint must be dismissed.

### B. PLAINTIFF'S ALLEGATIONS OF RACE AND AGE DISCRIMINATION IN COUNTS I AND III ARE CONCLUSORY AND MUST BE DISMISSED.

District courts frequently dismiss discrimination claims when the allegations are nothing more than legal conclusions unsupported by any facts like the disparate treatment claim regarding his dismissal from County service.  *Curry v. Philip Morris USA*, Inc., No. 3: 08cv609, 2010 WL 431692, at *3 (W.D.N.C. Feb. 4, 2010)  (Plaintiff failed to allege specific facts explaining how the disparate treatment actually occurred or to identify the "similarly situated employees" outside of her protected class); *Brown v. Costco Wholesale Corp.*, No. PJM 09-1062, 2009 WL 5170170, at *2 (D. Md. Dec. 18, 2009) (Plaintiff's "conclusory statement that non-African Americans have been treated more favorable, without more, is insufficient to state a cause of action for disparate treatment."); *Ansley v. Fla., Dep't of Revenue,* No. 4:09cv161-RH/WCS, 2009 WL 1973548, at *2 (N.D. Fla. July 8, 2009) (Plaintiff did not "allege a factual basis for the conclusion that the others who were treated better were similarly situated … These allegations might have survived a motion to dismiss prior to *Twombly* and *Iqbal*.  But now they do not.").

Here, for example, the Plaintiff cavalierly alleges in paragraph 26 that "discrimination has unfortunately become a common occurrence in the Miami-Dade County Department of Transportation and Public Works."  Similarly, in paragraph 29 Plaintiff alleges that "if he were of African American descent, he would not have been terminated …" Yet, Plaintiff does not identify a single employee outside his protected class who was not terminated by the same  decisionmakers under similar circumstances. Clearly, the allegations in Count I that non-Hispanic males were

treated better is insufficient to state a Title VII disparate treatment cause of action. Accordingly, Counts I and III must be dismissed.

### C. COUNT III ALLEGING A SECTION 1983 DUE PROCESS CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF HAD AVAILABLE CIVIL SERVICES REMEDIES THAT HAVE BEEN FOUND ADEQUATE BY FLORIDA AND FEDERAL COURTS

Count III of the Complaint should be dismissed because adequate state remedies were available to challenge Plaintiff's asserted loss of a property right to public employment when he was dismissed from his bus operator duties.   Under Miami-Dade County Code Section 2-47, Plaintiff had available civil service remedies to challenge his loss of employment from the County in June 2020.   In *McKinney v. Pate,* the Eleventh Circuit reiterated that "a procedural due process violation is not complete 'unless and until the [s]tate fails to provide due process.'"  *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994). "[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.*  A procedural due process violation can be remedied in a post-termination review by a state court. *Id*. at 1563.

The Eleventh Circuit in *McKinney* determined that Florida courts provided adequate process for reviewing terminations of public employees. Additionally, Miami-Dade County provides administrative hearings, appealable to the Florida circuit court, to civil service personnel who are suspended, demoted or discharged. *See Miami-Dade County* §§2-47, 2-47.1;[1] *Raghunandan v. Miami-Dade County*, 777 So.2d 1009, 1010 (Fla. 3d DCA 2000)

---

[1] County Code Section 2–47 reads, in relevant part, as follows: "Any employee may be suspended or reduced in grade or dismissed by the head of his department or designee thereof as approved in the manner provided for in an administrative order for any cause which will promote the efficiency of the service.... Any employee who has completed the probationary period may appeal the action

(explaining the scope of review in § 2-47 hearings, which includes insuring whether the parties were "afforded procedural due process").

### D. COUNTS IV AND V ALLEGING SECTION 1983 CLAIMS MUST BE DISMISSED

In Count IV, the Complaint alleges that the County dismissed Plaintiff from employment allegedly because of Plaintiff's exercise of his rights to expression under the First Amendment to the United States Constitution.  In Count V, the Complaint alleges a due  process claim under the United States Constitution.  As he must, Plaintiff uses the provisions of 42 U.S.C. § 1983 to make these claims against the local government of Miami-Dade County.  On this, the Complaint clearly fails to meet the minimum requirements to state a claim.

To state a § 1983 claim against the County, Plaintiff must allege that his injury (dismissal) resulted from a County "policy or custom." *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 690 (1978); *Moreland v. Miami-Dade County*, 255 F. Supp. 2d 1304,1317 (S.D. Fla. 2002).  Moreover, the Complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id*. at 557.

---

to a hearing examiner within fourteen (14) days by requesting the same in writing of the Personnel Director...."

County Code Section 2-47.1 reads in relevant part that a decision rendered under the civil service provisions of Section 2-47 by the County "shall be subject to review in accordance with Florida Appellate Rules."

The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id*. at 569 n.14. A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009)(emphasis added).

With the *Twombly/Iqbal* principles in mind, to properly assert a claim under § 1983 against Miami-Dade County, the plaintiff must plead and prove that his civil rights were deprived through an "official custom or policy," which is one that "the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). A policy is officially sanctioned where it is adopted by the official responsible under state law for making policy in that area of the government's business. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988); *Pembaur*, 475 U.S. at 481–83. For an official to have policymaking authority, his or her decisions must be final and not subject to review. *See Scala v. Winter Park*, 116 F.3d 1396, 1399 (11th Cir.1997). The issue of policymaking authority is a matter for the court to determine under state law. *See Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989); *Praprotnik*, 485 U.S. at 126.

As a local governmental entity, Miami–Dade cannot be held liable solely by virtue of an employment relationship with the Plaintiff. In order to hold Miami–Dade liable, "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the [County's] business." *Praprotnik*, 485 U.S. at 125 (emphasis in original).

Here, the Complaint fails to adequately allege sufficient facts under the *Twombly/Iqbal* standard to demonstrate the existence of an official policy or custom of the County that caused the Plaintiff to be dismissed from employment in retaliation for his alleged First Amendment

expression. Additionally, the Complaint fails to adequately allege sufficient facts under the *Twombly/Iqbal* standard to demonstrate that his dismissal was caused by an official policymaker pursuant to an official custom or policy of the County.

### E. PLAINTIFF'S REQUEST FOR PREJUDGMENT INTEREST AND PUNITIVE DAMAGES MUST BE STRICKEN.

Punitive damages are unavailable under Title VII and 42 U.S.C. § 1983 against a public entity. *Bradley v. Dekalb, Ga.*, 2010 WL 4639240, *5 (N.D. Ga. May 17, 2010) ("Governmental entities are expressly exempt from punitive damages under Title VII and the ADA."); *Florida Family Policy Council, Inc. v. Broward County, et al.*, 2008 WL 111403190, *9 (S.D. Fla. Jan. 1, 2008) (striking demand for punitive damages "since counties or municipal defendants are immune from their imposition."). Thus, the demand for punitive damage must be stricken from the Complaint.

Additionally, liquidated damages are unavailable under Title VII and must be stricken from Counts I and III. *Suarez v. The School Board of Hillsborough County, Fla. et al*., 2015 WL 3628268, *7 (M.D. Fla. 2015) ("Plaintiff is not entitled to punitive damages or liquidated damages for his Title VII claims.").

Finally, as to Count II, Plaintiff cannot receive compensatory damages for pain and suffering or emotion distress because such damages are not available under the ADEA. *Smith v. Vestaria Hills Bd of Educ*., 218 F. Supp. 3d 1285, 1291 (N.D. Ala. 2016).

### III. CONCLUSION

Because the Complaint is a classic "shotgun" complaint, it must be dismissed. Similarly, Plaintiff's claims should be dismissed because they fail to state a claim or request appropriate

damages.   Accordingly, Defendant Miami-Dade County respectfully requests that its Motion to Dismiss be granted.

Respectfully submitted,

GERALDINE BONZON-KEENAN
MIAMI-DADE COUNTY ATTORNEY

By: *s/William X. Candela*
    William X. Candela
    Assistant County Attorney
    Florida Bar No. 759317
    Miami-Dade County Attorney's Office
    Stephen P. Clark Center
    111 N.W. 1st Street, Suite 2810
    Miami, Florida 33128
    Phone:   (305) 375-5151
    Fax:       (305) 375-5634
    Email:   wxc@miamidade.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 6, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ <em>William X. Candela</em>_____<br>Assistant County Attorney

## SERVICE LIST

Michael A. Pizzi, Jr., Esq.
6625 Miami Lakes Drive
Suite 316
Miami Lakes, FL 33014
Tel: (305) 986-2277
Fax: (305) 777-3802
Email: mpizzi@pizzilaw.com

William X. Candela
Assistant County Attorney
Florida Bar No. 759317
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Tel: (305) 375-5151
Fax: (305) 375-5634
Email: wxc@miamidade.gov

Attorneys for Plaintiff
*Served via CM/ECF*

Attorney for Defendants
No Service Made