UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-23288-KMW

REINALDO VELAZQUEZ,

    Plaintiff,
v.

MIAMI-DADE COUNTY,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS
AMENDED COMPLAINT AND MEMORANDUM OF LAW**

  Defendant, Miami-Dade County (the "County"), pursuant to Fed. R. Civ. P. 10 and 12, files this Motion to Dismiss Amended Complaint and Memorandum of Law. Following his dismissal from County service, Plaintiff filed a multi-count Amended Complaint. Count I is a race and ethnicity claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Count II alleges an Age Discrimination in Employment Act ("ADEA") claim; Count III is a Title VII retaliation claim. Counts IV alleges a claim pursuant to the First and Fourteenth Amendment of the United States Constitution.

**Count IV**

  Count IV violates Fed. R. Civ. P. Rule 10 (b) because it combines both a First Amendment free speech claim and a Fourteenth Amendment due process claim in one count. *Apothecary Dev. Corp. v. City of Marco Island, Fla.*, 2011 WL 1071448, * 2 (M.D. Fla. March 18, 2011) ("it is impermissible to combine multiple legal claims … into one count."). Additionally, the Fourteenth Amendment due process claim in Count IV must be dismissed because the State of Florida provides Plaintiff with adequate opportunities to challenge his dismissal from County service.

1

*McKinney v. Pate,* 20 F. 3d 1550, 1557 (11th Cir. 1994) (procedural due process claim is unavailable when state remedies are available). Thus, the Amended Complaint must be dismissed.

## I. INTRODUCTION

Plaintiff was employed as a County bus operator in the Department of Transportation and Public Works ("DTPW"). (Amended Complaint ¶ 5). Plaintiff reportedly threatened co-workers while on duty and was dismissed. (¶¶ 21, 28). In response, Plaintiff filed a four-count Amended Complaint seeking an assortment of damages including liquidated damages; compensatory damages and reinstatement.

## II. DISCUSSION

### A. COUNT IV VIOLATES RULE 10 AND MUST BE DISMISSED

In Count IV Plaintiff alleges a First Amendment free speech retaliation claim and a Fourteenth Amendment due process claim. It is a violation of Rule 10 (b) to raise two claims in one count. *Littergradt v. Miami Dade County*, 2015 WL 13755504, *5 (S.D. Fla. June 12, 2015) (dismissing complaint because, *inter alia*, plaintiff raises two claims in one count). Accordingly, the Amended Complaint should be dismissed.

### B. THE DUE PROCESS CLAIM IN COUNT IV MUST BE DISMISSED BECAUSE PLAINTIFF HAD AVAILABLE CIVIL SERVICES REMEDIES THAT HAVE BEEN FOUND ADEQUATE BY FLORIDA AND FEDERAL COURTS

Count IV of the Amended Complaint should be dismissed because adequate state remedies were available to challenge Plaintiff's asserted loss of public employment when he was dismissed from his bus operator duties. Under Miami-Dade County Code Section 2-47, Plaintiff had available civil service remedies to challenge his loss of employment from the County in June 2020. In *McKinney v. Pate,* the Eleventh Circuit reiterated that "a procedural due process violation is not complete 'unless and until the [s]tate fails to provide due process.'" *McKinney v. Pate*, 20 F.3d

1550, 1557 (11th Cir. 1994). "[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.* A procedural due process violation can be remedied in a post-termination review by a state court. *Id*. at 1563.

The Eleventh Circuit in *McKinney* determined that Florida courts provided adequate process for reviewing terminations of public employees. Additionally, Miami-Dade County provides administrative hearings, appealable to the Florida circuit court, to civil service personnel who are suspended, demoted or discharged. *See Miami-Dade County* § 2-47, 2-47.1;[1] *Raghunandan v. Miami-Dade County*, 777 So.2d 1009, 1010 (Fla. 3d DCA 2000) (explaining the scope of review in § 2-47 hearings, which includes insuring whether the parties were "afforded procedural due process"). Thus, Plaintiff cannot proceed with his due process claim. *Moreland v. Miami Dade County*, 255 F. Supp., 1304, 1317 (S.D. Fla. 2002) (County employee failed to state a due process because she did not state pursue available state claim).

### C. COUNT IV MUST BE DISMISSED BECAUSE PLAINTIFF FAILS TO SET FORTH A SECTION 1983 CLAIM MUST BE DISMISSED

In Count IV, the Amended Complaint alleges that the County dismissed Plaintiff from employment allegedly because of Plaintiff's exercise of his rights to expression under the First Amendment to the United States Constitution. As he must, Plaintiff uses the provisions of 42

---

[1] County Code Section 2–47 reads, in relevant part, as follows: "Any employee may be suspended or reduced in grade or dismissed by the head of his department or designee thereof as approved in the manner provided for in an administrative order for any cause which will promote the efficiency of the service.... Any employee who has completed the probationary period may appeal the action to a hearing examiner within fourteen (14) days by requesting the same in writing of the Personnel Director...."

County Code Section 2-47.1 reads in relevant part that a decision rendered under the civil service provisions of Section 2-47 by the County "shall be subject to review in accordance with Florida Appellate Rules."

U.S.C. § 1983 to make these claims against the local government of Miami-Dade County. On this, the Amended Complaint clearly fails to meet the minimum requirements to state a claim.

To state a § 1983 claim against the County, Plaintiff must allege that his injury (dismissal) resulted from a County "policy or custom." *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 690 (1978); *Moreland v. Miami-Dade County*, 255 F. Supp. 2d 1304,1317 (S.D. Fla. 2002). Moreover, the Amended Complaint must include more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include "allegations plausibly suggesting (not merely consistent with)" the plaintiff's entitlement to relief. *Id*. at 557. The complaint must set forth facts—not mere labels or conclusions—that "render plaintiffs' entitlement to relief plausible." *Id*. at 569 n.14. A district court thus should grant a motion to dismiss unless "the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009)(emphasis added).

With the *Twombly/Iqbal* principles in mind, to properly assert a claim under § 1983 against Miami-Dade County, the plaintiff must plead and prove that his civil rights were deprived through an "official custom or policy," which is one that "the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). A policy is officially sanctioned where it is adopted by the official responsible under state law for making policy in that area of the government's business. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 125 (1988); *Pembaur*, 475 U.S. at 481–83. For an official to have policymaking authority, his or her decisions

4

must be final and not subject to review. *See Scala v. Winter Park*, 116 F.3d 1396, 1399 (11th Cir.1997). The issue of policymaking authority is a matter for the court to determine under state law. *See Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989); *Praprotnik*, 485 U.S. at 126.

As a local governmental entity, Miami-Dade cannot be held liable solely by virtue of an employment relationship with the Plaintiff. In order to hold Miami-Dade liable, "the challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the [County's] business." *Praprotnik*, 485 U.S. at 125 (emphasis in original).

In the Amended Complaint, Plaintiff only alleges in paragraph 48 that "the County under color of law punished Velazquez for exercising his First Amendment rights" and in paragraph 49 that the County "has a policy and practice of targeting whistleblowers and critics" to support his § 1983 claim. As such, the Amended Complaint fails to adequately allege sufficient facts under the *Twombly/Iqbal* standard to demonstrate the existence of an official policy or custom of the County that caused the Plaintiff to be dismissed from employment in retaliation for his alleged First Amendment expression. Additionally, the Amended Complaint fails to adequately allege sufficient facts under the *Twombly/Iqbal* standard to demonstrate that his dismissal was caused by an official policymaker pursuant to an official custom or policy of the County. Accordingly, the Amended Complaint must be dismissed.

### D. PLAINTIFF'S REQUEST FOR LIQUIDATED DAMAGES IN COUNTS I AND III MUST BE STRICKEN.

Liquidated damages are unavailable under Title VII and must be stricken from Counts I and III. *Suarez v. The School Board of Hillsborough County, Fla. et al.*, 2015 WL 3628268, *7 (M.D. Fla. 2015) ("Plaintiff is not entitled to punitive damages or liquidated damages for his Title VII claims."). Similarly, Plaintiff is not entitled to emotional distress damages in Count II because

5

those damages are not available under the ADEA. *Smith v. Vestaria Hills Bd of Educ.*, 218 F. Supp. 3d 1285, 1291 (N.D. Ala. 2016)(plaintiff cannot pursue compensatory damages in ADEA claim). Accordingly, the liquidated damage claims in Counts I and III must be stricken.

### E. COMPENSATORY DAMAGE CLAIM IN COUNT II UNDER THE ADEA MUST BE STRICKEN

In Count II, Plaintiff seeks compensatory damages in his ADEA claim. Compensatory damages are not available under the ADEA. *McNamara v. Florida power & Light*, 2018 WL 582537, 8 (S.D. Fla. Jan. 29, 2018) ("With respect to the ADEA, no …compensatory damages are permissible…"). Accordingly, the claim for compensatory damages in Count II must be stricken.

### III. CONCLUSION

County IV must be dismissed because Plaintiff has not alleged a claim under 42 USC §1983 or the dues process clause of the Fourteenth Amendment. Additionally, Plaintiff's liquidated damage claims in Counts I and III should be dismissed or stricken and the compensatory damage claim in Count II must be stricken. As such, Defendant Miami-Dade County respectfully requests that its Motion to Dismiss be granted.

Respectfully submitted,

GERALDINE BONZON-KEENAN
MIAMI-DADE COUNTY ATTORNEY

By: *s/William X. Candela*
    William X. Candela
    Assistant County Attorney
    Florida Bar No. 759317
    Miami-Dade County Attorney's Office
    Stephen P. Clark Center
    111 N.W. 1st Street, Suite 2810
    Miami, Florida 33128
    Phone:  (305) 375-5151
    Fax:    (305) 375-5634
    Email:  wxc@miamidade.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                s/ *William X. Candela*
                Assistant County Attorney

## SERVICE LIST

Michael A. Pizzi, Jr., Esq.
6625 Miami Lakes Drive
Suite 316
Miami Lakes, FL 33014
Tel: (305) 986-2277
Fax: (305) 777-3802
Email: mpizzi@pizzilaw.com

William X. Candela
Assistant County Attorney
Florida Bar No. 759317
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL 33128
Tel: (305) 375-5151
Fax: (305) 375-5634
Email: wxc@miamidade.gov

Attorneys for Plaintiff
*Served via CM/ECF*

Attorney for Defendants
No Service Made